## Case No. 16,289.

### UNITED STATES v. SIMMONS.

[14 Blatchf. 473.] [1]

Circuit Court, E. D. New York.　May 27, 1878.

#### NEW TRIAL—DELAY OF APPLICATION.

After the conviction of a defendant, he moved in arrest of judgment, and the case went to the supreme court on a certificate of a division of opinion. After a decision by that court, the defendant moved in this court for a new trial: *Held*, that it was too late to make such a motion.

[This was an indictment against Stephen J. Simmons charging the violation of certain provisions of an act of congress relating to distilled spirits. Heard on a motion for a new trial.]

Asa W. Tenney, U. S. Dist. Atty.
John J. Allen, for defendant.

BENEDICT, District Judge. The defendant was tried and convicted in May, 1875. There is no minute of any motion for a new trial having been then entered. A motion in arrest of judgment was made, which was argued and re-argued, and, a difference of opinion having arisen, the case went to the supreme court of the United States, upon a certificate of division. The decision of the appellate court having been made during the present month [96 U. S. 360], the defendant now applies to have a day fixed for the hearing of a motion for a new trial. The application comes too late. If any objection was intended to be made to the verdict, a motion for a new trial should have been promptly made. No reason for the delay has been suggested, and, to permit such a motion to be now made, after the lapse of three years, and where, as may well be supposed, the witnesses are scattered, would be highly improper. Ordinarily, it is too late, after a motion in arrest of judgment has been made, to apply for a new trial; and, although, when a motion for a new trial and a motion in arrest of judgment have been entered simultaneously, and the latter is first argued, by direction of the court, the former may be thereafter argued, yet, in a case like this, when the question of a new trial is, for the first time, raised after the decision upon the motion in arrest, it cannot be entertained. The motion is, therefore, denied.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

## Case No. 16,290.

### UNITED STATES v. SIMS.

[4 Cranch, C. C. 618.] [1]

Circuit Court, District of Columbia.　Nov. Term, 1835.

#### ROBBERY—LARCENY BY SLAVE.

1. To constitute robbery, there must be fear or force.

2. A slave charged with larceny is to be tried and punished by a justice of the peace.

Indictment [against the negro Henry Sims] for highway robbery of one Latimer, by snatching his watch from his side pocket, it being fastened to his neck by a ribbon, which was broken by the first snatch, the owner not having been put in fear.

Mr. Key, for United States, cited Russ. & R. 419; 3 Chit. 805.

Hoban & Morfit, for prisoner, cited Rex v. Gnosil, 1 Car. & P. 304, 12 Serg. & L. 182.

THE COURT (nem. con.) was of opinion that, in this case, the force was not sufficient to constitute the offence of robbery, and intimated that the law was correctly stated by Garrow, B., in Gnosil's Case, 1 Car. & P. 304.

The jury found the prisoner guilty of simple larceny, and that he was a slave; whereupon THE COURT, not having jurisdiction of simple larceny by a slave, ordered him to be taken before a justice of the peace, to be dealt with according to law.